813 F.2d 1227
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mazeo CLARK, Plaintiff-Appellant,
v.
Peter BROWN, Attorney; Dr. V.H. Kshiragar, M.D.; Dave
Dickens, Officer of the Charleston Police
Department, Individually, Defendants-Appellees.
 No. 86-7213.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 25, 1986.
Decided March 5, 1987.
 
 Before HALL, PHILLIPS and WILKINSON, Circuit Judges.
 Mazeo Clark, appellant pro se.
 Charles G. Brown, III, Office of The Attorney General of West Virginia; Edward W. Rugeley, Jr., Alvin L. Emch, Jackson, Kelly, Holt & O'Farrell, for appellees.
 PER CURIAM:
 
 
 1
 Mazeo Clark appeals the dismissal of his 42 U.S.C. Sec. 1983 complaint. Clark alleged that medical examiner Dr. V.H. Kshiragar, Detective David Dickens, and prosecuting attorney Peter Brown conspired to present fake witnesses and a forged autopsy report at Clark's murder trial.[1]
 
 
 2
 Witnesses Kshiragar and Dickens are protected by witness immunity. Burke v. Miller, 580 F.2d 108 (4th Cir.1978), cert. denied, 440 U.S. 930 (1979); see also Briscoe v. Lahue, 460 U.S. 325 (1983). Defendant Peter Brown is cloaked in prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409 (1976). None of Clark's defendants can be held liable for monetary relief. Accordingly, we affirm the judgment below. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.[2]
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 Ordinarily, Clark would have to exhaust this claim attacking the validity of his conviction. Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982). Because Clark is no longer incarcerated, however, West Virginia post-conviction remedies are unavailable
 
 
 [2]
 Clark's motions to enter exhibits and memoranda are granted. Clark's motions for a restraining order and for appointment of counsel are denied